UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRENDY LLC and NATALIA MARKETING CORP., ) ) ) | |
| Plaintiffs, ) ) | C.A. No. _____ |
| v. ) ) | JURY TRIAL DEMANDED |
| M3 GIRL DESIGNS, LLC, ) ) | |
| Defendant. ) ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT OF COPYRIGHT AND TRADEMARK NON-INFRINGEMENT

Plaintiffs, Trendy LLC ("Trendy") and Natalia Marketing Corp. ("Natalia"), bring this declaratory judgment action against Defendant, M3 Girl Designs, LLC ("M3 Girl Designs"), and allege as follows:

### PARTIES

1.      Plaintiff Trendy is a limited liability company organized and existing under the laws of Massachusetts with a principal place of business at 170 High Street, Waltham, Massachusetts 02453.

2.      Plaintiff Natalia is a limited liability company organized and existing under the laws of Massachusetts with a principal place of business at 170 High Street, Waltham, Massachusetts 02453.

3.      Trendy and Natalia are entities under common ownership and control. Natalia designs and manufactures products that Trendy sells through its website www.trendy-llc.com and at trade shows.

4.     Upon information and belief, Defendant M3 Girl Designs is a limited liability company organized and existing under the laws of Texas with a principal place of business at 14456 Midway Road, Farmers Branch, Texas 75244.

5.     Upon information and belief, M3 Girl Designs creates, manufactures and sells bottle cap necklaces, bracelets, and accessories, which are marketed to young girls.

6.     Upon information and belief, M3 Girl Designs is the owner of United States Trademark Registration No. 3,626,432 for SNAP CAPS for jewelry, which was registered on May 26, 2009 (the "'432 Registration"). The '432 Registration is attached as Exhibit A.

7.     M3 Girl Designs claims ownership of United States Copyright Registration Nos. VA0001711047, VA0001691575, VA0001665063, VA0001665059, VA0001684413, VA0001715331 and VA0001695775 identified in Exhibit B ("Works in Suit").

## JURISDICTION AND VENUE

8.     This is an action for a declaratory judgment, together with such further relief based thereon as may be necessary or proper, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. The basis for declaratory judgment jurisdiction is, as fully appears below, an actual controversy between Plaintiffs Trendy and Natalia and Defendant M3 Girl Designs arising under the United States copyright laws, Title 17 of the United States Code §§ 101, *et seq*., the United States trademark laws, Title 15 of the United States Code §§ 1111, *et seq*., the United States patent laws, Title 35 of the United States Code §§ 271, *et seq*., and under state unfair and competition and trade dress laws.

9.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1338(a), 28 U.S.C. §§ 2201, 2202, and 15 U.S.C. § 1121.

10.     This Court has personal jurisdiction over Defendant M3 Girl Designs because (i) it engages in a regular and continuous course of business in Massachusetts by offering for sale and selling its jewelry products in Massachusetts; and (ii) the acts complained of occurred and are occurring in Massachusetts and have caused damage to Plaintiffs Trendy and Natalia in Massachusetts.

11.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because the acts complained of herein occurred and are occurring in Massachusetts and have caused damage to Plaintiffs Trendy and Natalia in Massachusetts, and M3 Girl Designs is subject to personal jurisdiction in Massachusetts.

## THE CONTROVERSY BETWEEN THE PARTIES

12.     An actual justiciable case or controversy exists between Plaintiffs and Defendant M3 Girl Designs with respect to: (1) Plaintiffs' manufacture and sale of jewelry and the Works in Suit; (2) Plaintiffs' manufacture and sale of jewelry and Defendant's '432 Registration; and (3) any other alleged intellectual property rights that Defendant has asserted against Plaintiffs.

### I. Cease and Desist Letters

13.     On or about December 9, 2009, Defendant M3 Girl Designs, though its counsel, sent a cease and desist letter to Confetti and Friends, a customer of the Plaintiffs ("December 9, 2009 Cease and Desist Letter").  A copy of that letter is attached hereto as Exhibit C.

14.     Defendant's December 9, 2009 Cease and Desist Letter claimed that certain jewelry manufactured and sold on the website www.confettiandfriends.com and on Plaintiffs' website www.trendy-llc.com infringed certain of the Works in Suit, namely Copyright Registration Nos. VA0001691575, VA0001665063 and VA0001665059.

15.     Defendant's December 9, 2009 Cease and Desist Letter also claimed that use of the term MAGNA-CAPZ for jewelry on the websites www.confettiandfriends.com and www.trendy-llc.com infringed Defendant's '432 Registration for SNAP CAPS.

16.     Defendant's December 9, 2009 Cease and Desist Letter also claimed that Defendant owns rights to its jewelry designs "through pending patent applications," however, Defendant has not asserted a registered patent.

17.     In the December 9, 2009 Cease and Desist Letter, Defendant demanded that Trendy and Confetti and Friends cease and desist all sales of allegedly infringing products within five days.

18.     On or about December 16, 2009, Trendy responded to Defendant's December 9, 2009 Cease and Desist Letter, requesting further information in order to assess Defendant's claims.  A copy of this letter is attached as Exhibit D.  In particular, Trendy requested copies of the deposits filed with the applications that resulted in Copyright Registration Nos. VA0001691575, VA0001665063 and VA0001665059.

19.     Trendy also requested examples of the specific artwork that the Defendant alleged was copied along with specific information as to which of Trendy's goods were infringing.

20.     Defendant did not reply to Trendy's letter of December 16, 2009 until approximately nine months later, when Defendant sent Trendy another cease and desist letter ("September 3, 2010 Cease and Desist Letter"), which is attached as Exhibit E.

21.     Defendant's September 3, 2010 Cease and Desist Letter reiterated the demands set forth in Defendant's December 9, 2009 Cease and Desist Letter and added that the Defendant now owned four additional Copyright Registration Nos. VA0001711047, VA0001684413, VA0001715331 and VA0001695775.

22.     In its September 3, 2010 Cease and Desist Letter, Defendant alleged that the bottle cap jewelry manufactured and sold by Trendy under its MAGNA-CAPZ brand are, "covered by [Defendant's] copyrights **in a broad sense**, and the interchangeable functionality and magnetic backing used in the Magna-Capz products violates applicable state law rights held by M3 Girl Designs.  Thus all the bottle cap jewelry offered by Trendy, LLC infringe (*sic*) one or more rights of M3 Girl Designs." (Emphasis added).  Defendant demanded in this letter that Trendy cease and desist all sales of allegedly infringing products within five days.

23.     On September 8, 2010, Plaintiffs' counsel contacted Defendant's counsel by telephone to request copies of the deposits filed in respect of the Works in Suit.  Defendant's counsel refused to provide copies of such deposits.

## II.  Plaintiffs' Bottle Cap Jewelry Does Not Infringe Defendant's Alleged Copyrights

24.     Copyright law protects expressions of ideas, not the underlying ideas or methods; however, in Defendant's September 3, 2010 Cease and Desist Letter, Defendant asserts that its copyrights protect the functionality and idea of its bottle cap necklace.

25.     If copyright exists in the Works in Suit, it exists only in Defendant's particular expression of the ideas as contained in the Works in Suit.  That is, the most Defendant can claim is a thin copyright in the artwork on the bottle caps incorporated in its products.

26.     Such artwork on the Defendant's bottle caps consists of common and familiar images and shapes such as hearts, smiley faces and peace signs, which images are in widespread use by others in countless works.

27.     Plaintiffs' designs on its bottle caps also feature common and familiar images and shapes such as hearts, smiley faces and peace signs.

5

28.     Designs such as hearts, smiley faces and peace signs are commonly used in jewelry design by many jewelry designers and manufacturers and have been for some time and are well-known in the trade.

29.     These familiar symbols, shapes and designs, such as a heart, peace symbol or a smiley face, therefore are in and of themselves not entitled to copyright protection.

30.     For those designs of Plaintiffs and Defendant that feature common and familiar elements, Plaintiffs' designs are not substantially similar to the Defendant's.  See the chart attached as Exhibit F.

31.     Defendant cannot meet its burden of showing the near-identicalness required between the Plaintiffs' artwork and the artwork contained on the Works in Suit to sustain a claim of copyright infringement.

32.     Plaintiffs' designs that do not feature such common and familiar elements are similarly not identical or even substantially similar to the Defendant's designs.

33.     Defendant cannot meet its burden of showing the similarity required between any of the Plaintiffs' artwork and the artwork contained on the Works in Suit to sustain a claim of copyright infringement.

34.     On information and belief, images covered by some of the Works in Suit were copied from clip-art available from Microsoft Corporation in its Microsoft Office suite of software products.

35.     On information and belief, Defendant copied and used identical, unaltered images from clip-art offered in the Microsoft Office suite.

36.     On information and belief, Defendant did not create derivative works of such clip-art images.

6

37.     On information and belief, the End User License Agreement ("EULA") covering use of clip-art from Microsoft Office prohibits commercial use of such clip-art.

38.     On information and belief, Defendant did not secure a separate license from Microsoft Corporation for its commercial use of the clip-art that Defendant copied.

39.     On information and belief, Defendant knew and had to have known at the time that it filed the copyright applications resulting in the Works in Suit that it had used images copied exactly from the clip-art offered by Microsoft Corporation.

40.     On information and belief, Defendant did not disclose in its applications to the Copyright Office that elements of some of the Works in Suit incorporated Microsoft Office clip-art.

41.     Defendant by its actions knowingly failed to disclose facts to the Copyright Office regarding several of the Works in Suit that would have caused the Copyright Office to reject such of Defendant's applications.

42.     Such a material misstatement regarding the Works in Suit removes the presumption of validity of these registrations and invalidates Defendant's registrations.

### III. Plaintiffs' Jewelry Does Not Infringe Any Trade Dress

43.     In its September 3, 2010 Cease and Desist Letter, Defendant also asserts that Trendy's MAGNA-CAPZ bottle cap design violate "applicable state law rights" held by Defendant.

44.     In the September 3, 2010 Cease and Desist Letter, Defendant mentions but does not provide details regarding its state law claims.

45.     Any claims that Defendant may make under state law for unjust enrichment or unfair competition would be preempted by Defendant's claims under the Copyright Act.

### IV.  Plaintiffs' Jewelry Does Not Infringe Defendants Alleged State Law Rights

46.     In the September 3, 2010 Cease and Desist Letter, Defendant also asserts that aspects of its rights in its jewelry products are functional.

47.     Defendant's jewelry products feature bottle caps which have magnets affixed by glue to their backs.

48.     These bottle caps with glued on magnets can then be attached to necklaces or bracelets that are made of stretchy cording with a metal washer attached to the cord.

49.     The cord is simply strung through the washer and wrapped around itself, so that the washer is attached.

50.     The bottle cap is then attached to the washer by the magnet.

51.     This affixing of a magnet to a bottle cap and then attaching a washer to a cord so that the magnet will cause the bottle cap to hang on the cord is functional.

52.     Defendant also states in the same sentence that certain functional elements of Defendant's jewelry are the subject of pending applications for patent protection, suggesting that the applications are for utility patents.

53.     Defendant cannot prevail on a state law claim of trade dress infringement, nor on a Lanham Act claim of trade dress infringement, both of which require, in the first instance, that Defendant demonstrate that its "dress" is non-functional.

### V.  Plaintiffs' Jewelry Does Not Infringe Defendant's '432 Registration

54.     In the September 3, 2010 Cease and Desist Letter, the Defendant claims that the Plaintiffs infringe the '432 Registration for SNAP CAPS by the use of the brand MAGNA-CAPZ.

8

55.     The term "caps" as used by Defendant in relation to its products is purely generic. Defendant's products are made from bottle caps that are attached to necklaces.

56.     It is because the term "caps" is generic as used in relation to Defendant's goods that it was disclaimed by Defendant in the '432 Registration.

57.     The word "capz" as used by Plaintiffs similarly describes the bottle caps used in Plaintiffs' products, but with a deliberate phonetic misspelling of the plural, substituting a "z" for an "s."

58.     Because the terms "caps" and "capz" are generic or at least very highly descriptive of the goods, neither term, in and of itself, serves as an identifier for the source of origin of any goods, and the dominant portion of the marks at issue therefore lies in the first word of each mark.

59.     The first term in the Defendant's trademark SNAP is a common word, known to consumers. In the case of the Defendant's products, the term SNAP describes the sound that the bottle caps make when attached to the magnet that holds the bottle cap to the necklace or other piece of jewelry. The bottle cap makes a snapping noise as it attaches onto the magnet.

60.     The first word Plaintiffs' mark is MAGNA.

61.     The term MAGNA does not sound like or look like the word SNAP.

62.     The term MAGNA does not suggest or indicate a sound, the way the term SNAP does.

63.     The term MAGNA does not create a similar commercial impression to that created by the term SNAP.

## VI. <u>Plaintiffs' Jewelry Does Not Infringe Any Patents</u>

64.    In the September 3, 2010 Cease and Desist Letter, Defendant again asserts its rights in jewelry designs that it allegedly owns through, "pending patent applications." See Page 2 of <u>Exhibit E</u>.

65.    Upon information and belief, Defendant has not been issued any patent in respect of any of its jewelry products.

66.    Because Defendant has not been issued a patent, there can be no current controversy as to any alleged patent infringement.

67.    Plaintiffs respectfully request a declaration of their rights vis-à-vis Defendant with respect to Defendant's Registered Copyrights, Defendant's trade dress claim, Defendant's '432 Registration and Defendant's asserted patent rights.

## COUNT I

### DECLARATION OF NON-INFRINGEMENT OF COPYRIGHTS

68.    Plaintiffs re-allege and incorporate by reference the allegations in Paragraphs 1 through 67 as if fully set forth herein.

69.    Defendant has asserted ownership of the Works in Suit.

70.    Plaintiffs do not infringe any of the Works in Suit or any copyrights applied for or otherwise claimed to be owned by Defendant.

## COUNT II

### DECLARATION OF INVALIDITY OF COPYRIGHT REGISTRATIONS

71.    Plaintiffs re-allege and incorporate by reference the allegations in Paragraphs 1 through 70 as if fully set forth herein.

72.     Defendant knowingly omitted information in its applications for the Works in Suit, which information had it been provided, would have caused the Copyright Office to reject such applications.

73.     Because of the omission of material information from the applications that resulted in the Works in Suit, the Works in Suit are not valid copyright registrations and, in any event, are not entitled to the presumption of validity.

## COUNT III

### DECLARATION OF NON-INFRINGEMENT OF TRADE DRESS

74.     Plaintiffs re-allege and incorporate by reference the allegations in Paragraphs 1 through 73 as if fully set forth herein.

75.     Defendant's jewelry designs are functional.

76.     Because Defendant's jewelry designs are functional, Defendant cannot claim trade dress in such designs and therefore Plaintiffs do not infringe any trade dress claimed to be owned by Defendant.

## COUNT IV

### DECLARATION OF NON-INFRINGEMENT OF TRADEMARK

77.     Plaintiffs re-allege and incorporate by reference the allegations in Paragraphs 1 through 76 as if fully set forth herein.

78.     Defendant has asserted ownership of the '432 Registration for the mark SNAP CAPS.

79.     Plaintiff uses the mark MAGNA-CAPZ to identify its jewelry products.

80.     There is no likelihood that relevant consumers of the parties' goods are likely to be confused as to the source of origin of the parties' respective jewelry featuring bottle caps as a result of the use by Plaintiffs of their mark MAGNA-CAPZ.

## COUNT V

## DECLARATION OF NON-INFRINGEMENT OF PATENTS

81.     Plaintiffs re-allege and incorporate by reference the allegations in Paragraphs 1 through 80 as if fully set forth herein.

82.     Defendant has not been issued any patents in relation to any of its products.

83.     Because Defendant does not own a valid registered patent protecting any aspect of its products, Plaintiffs do not and cannot infringe any patent rights claimed to be owned by Defendant.

## RELIEF

WHEREFORE, Plaintiffs respectfully request entry of judgment and order as follows:

(a)     Declaring and adjudging that Plaintiffs have not infringed nor induced the infringement of any of the Works in Suit or any other applied for or claimed copyrights of Defendant;

(b)     Declaring and adjudging that there is no presumption of validity in the Works in Suit and that the copyrights in said Works in Suit are invalid;

(c)     Declaring and adjudging that Plaintiffs have not infringed nor induced the infringement of any of any trade dress of Defendant;

(d)     Declaring and adjudging that Plaintiffs have not infringed nor induced the infringement of Defendant's '432 Registration and that Plaintiffs have not engaged in any unfair competition or violated any other alleged state law rights of Defendant;

12

(e)     Declaring and adjudging that Plaintiffs have not infringed nor induced the infringement of any patents of Defendant;

(f)     Award Plaintiffs their costs and expenses of this action as allowed by law, together with their reasonable attorney's fees for bringing and prosecuting this action; and

(g)     Award Plaintiffs such other and further relief that this Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury as to all issues so triable in this action.

/s/ Eric D. Levin
Eric D. Levin (BBO No. 639717)
Andrea J. Mealey (BBO No. 635565)
HINCKLEY, ALLEN & SNYDER LLP
28 State Street
Boston, MA 02109
(617) 345-9000
(617) 345-9020 (fax)

Dated: September 15, 2010